CHARLES D. SWIFT (D.C. ID No. 987353)
    cswift@clcma.org
CHRISTINA JUMP (D.C. ID No. TX151)
    cjump@clcma.org
Constitutional Law Center for Muslims in America (CLCMA)
833 E. Arapaho Rd., Ste. 102
Richardson, TX 75081
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE UTHMAN EBERLE**, an individual whose address is 9601 College Park, MD 20740 | CASE NO.: 1:19-cv-00486 |
| *Plaintiff/Petitioner,* | |
| vs. | CIVIL ACTION |
| **THE HONORABLE KIRSTJEN M. NIELSEN**, in her official capacity as Acting Secretary of the Department of Homeland Security, whose official address is Washington, D.C. 20528 | **PETITION FOR WRIT OF MANDAMUS** |
| *Defendant/Respondent.* | |

### PETITION FOR WRIT OF MANDAMUS

Plaintiff Uthman Eberle, by and through the undersigned counsel, files this Petition for Writ of Mandamus against Defendant, the Honorable Kirstjen M. Nielsen, in her official capacity as Secretary of the Department of Homeland Security (DHS), and shows the following:

### I. STATEMENT OF FACTS

1. Plaintiff is a U.S. citizen with no criminal history or mental health concerns, who has consistently endured severe difficulties in airport travel, including the inability to print boarding passes and the inability to board a plane.

2. This inability to fly has not only interfered with Plaintiff's fundamental right to travel freely, but has also prevented Plaintiff from family reunification with his wife, a Turkish citizen, and young children, who are U.S. citizens currently residing in Turkey with their aforementioned mother.

3. On June 25, 2018, Plaintiff initiated a redress inquiry through the DHS Traveler Redress Inquiry Program ("DHS TRIP") to acquire information as to whether he is on the No Fly List, the reasons for that designation, if any, and a way to appeal any determination. His DHS TRIP reference number is 2273573. This redress process represents his only avenue by which to challenge this placement and the resulting infringement on his constitutionally protected rights and liberties.

4. On October 4, 2018, over three months after Plaintiff initiated his redress inquiry, DHS TRIP sent an Initial Determination Letter stating, in part, that "It has been determined that you [Plaintiff] are on the U.S. Government's No Fly List" and that Plaintiff

> " […] may request additional information about your placement on the No Fly List and have the opportunity to respond to any information provided if you believe that the above determination is in error. Following these steps, you may also request an administrative review of your [Plaintiff's] status on the No Fly List."

The letter further stated that Plaintiff would have 30 days from the date of the letter to request additional information about his placement, with the option to seek a 30-day extension for good cause shown within 30 days of the letter to make the request for additional information. Plaintiff did not seek any extensions.

5. On November 2, 2018, the undersigned attorneys notified DHS TRIP of their representation of Plaintiff in the DHS TRIP administrative process.

6. In the November 2, 2018 correspondence, Plaintiff, by and through his counsel, requested an administrative review of the Initial Determination regarding his placement on the No Fly List, and further requested any and all relevant information supporting this placement, including but not limited to an unclassified summary.

7. This letter additionally states, in part, as follows:

> [w]hile the [October 4, 2018 Initial Determination] letter [from DHS] does state that he [Plaintiff] is on the No Fly List (which he effectively knew, from not being able to fly), the letter fails to give any reasons for that placement other than a regurgitation of the regulatory language. This is not in itself legally sufficient. Mr. Eberle is entitled to "The specific criterion under which [he] has been placed on the No Fly List and … an unclassified summary of information supporting [his] No Fly List status, to the extent feasible…" *Mohamed v. Holder*, 2015 U.S. Dist. LEXIS 92997, *454 (E.D. Va. July 15, 2015).

This letter further states that Plaintiff and his attorneys are not seeking any extension of time, and will not agree to any, as this status is keeping Plaintiff separated from his wife and young children.

8. On January 10, 2019, over three months after Plaintiff was told he was on the No Fly list and well over two months after making the stage two request (59 days of which transpired while the government was still fully operational and funded), Plaintiff's counsel again contacted DHS TRIP in an effort to obtain a substantive response from DHS TRIP, to which he is entitled under the guiding regulations.

9. The January 10, 2019 correspondence reiterates that Plaintiff has received no response to his November 2, 2018 request for administrative review and information supporting his No Fly List designation, other than a seemingly automated "interim response" from DHS TRIP on November 30, 2018, confirming receipt of Plaintiff's request for more information.

10. On January 14, 2019, counsel for Plaintiff contacted the designated counsel at the Department of Justice. Plaintiff's counsel notified DOJ of the January 10, 2019 letter to DHS TRIP, and attached a draft of this mandamus lawsuit (with the procedural history as of that time). This correspondence notified DOJ counsel of Plaintiff's intent to file a petition for writ of mandamus if no substantive response was received by February 15, 2019, which was over a month from the date of this correspondence, as well as the letter directly to DHS TRIP.

11. In a response dated January 15, 2019, DOJ counsel stated that while the DOJ appreciates

advance notice of the lawsuit, in light of the (then) "current lapse in appropriations" affecting DHS and DOJ, DHS was "not able to provide an estimate as to when Plaintiff's Stage 2 letter will issue." At this time, DOJ counsel confirmed that DHS TRIP was in receipt of Plaintiff's application and "that it was being processed prior to the shutdown." In counsel for Plaintiff's prior correspondence, Plaintiff's counsel articulated that Plaintiff's request for the reasons supporting his No Fly List placement predated the United States federal government shutdown by 59 days.

12. On February 1, 2019, which was over one week after the federal government shutdown ended on January 22, 2019, Plaintiff's counsel again reached out to DOJ counsel, stating that Plaintiff's matter remains high priority due to the family separation resulting from his No Fly List placement.

13. On February 7, 2019, DOJ counsel confirmed that DHS TRIP was "processing" Mr. Eberle's application but that the "office cannot presently commit to issuing his letter by any date certain."

14. On February 21, 2019, Plaintiff's counsel made a final attempt to confer by writing to DOJ counsel. In this final attempt, Plaintiff notified DOJ counsel of Plaintiff's intent to file by February 25, 2019, if no substantive response is received.

15. On February 22, 2019, DOJ counsel responded that DHS TRIP cannot provide an update as to when it will issue the next letter relating to Plaintiff.

16. Plaintiff's aforementioned and multiple attempts to confer with Defendant in an effort to avoid litigation to resolve this issue were unsuccessful. These attempts to confer occurred over the span of six weeks.

17. Plaintiff is entitled to timely adjudication by Defendant.

18. While the current position of DHS is that it does not have to supply the reasons for the designation in the same letter in which it confirms a person's status on the No Fly List, this doesn't excuse that it took over three months for DHS TRIP to merely *confirm* Plaintiff's status on the No Fly

List, a fact which he effectively already knew from being unable to fly and therefore reunite with his wife and two young children.

19. The delay of producing the second, more detailed response which should contain actual reasons supporting Plaintiff's placement on the No Fly List is unjustified. This second, more detailed response, which Plaintiff is entitled to, must be specific enough to give Plaintiff a meaningful opportunity to rebut any allegations against him.

20. This inaction mimics the Agency's old procedures, deemed unconstitutional and declared invalid by courts, where individuals were not informed whether they were on No Fly or Selectee lists or not and, similarly, were not told the reasons supporting any such placement.[1]

21. This lack of action by DHS leaves Plaintiff with no constitutionally adequate way to challenge his No Fly Designation and the infringement on his constitutional right to travel freely, and the resulting forced separation of his family and small children.

22. This sustained delay continues to directly result in great personal harm to Plaintiff and his family, including two children under five years of age, due to their separation.

23. As of this date, the DHS TRIP online status check still shows Plaintiff's redress inquiry as having a status of "pending paperwork," despite the fact that Plaintiff has already been confirmed as on the No Fly List.

24. As of this date, nearly four months have passed since Plaintiff requested the specific and substantive reasons supporting his No Fly List placement, as well as an administrative review.

25. As of this date, nearly five months have passed since DHS confirmed Plaintiff is on the No Fly

---

[1] *See Mohamed v. Holder*, No. 1:11-CV-50 AJT/MSN, 2015 WL 4394958, at *2 (E.D. Va. July 16, 2015) ("Briefly summarized, the Court first concludes that DHS TRIP, as that process existed at the time that Mohamed was denied boarding, did not provide a constitutionally adequate opportunity to challenge his denial of boarding."); *see also Latif v. Holder*, 28 F. Supp. 3d 1134, 1161 (D. Or. 2014) ("The absence of any meaningful procedures to afford Plaintiffs the opportunity to contest their placement on the No-Fly List violates Plaintiffs' rights to procedural due process.").

List. This confirmation, without identification of any substantive supporting information or reasons, took over three months to produce, despite DHS regulations requiring that an Initial Determination be sent upon receipt of a DHS TRIP inquiry.[2]

26. As of this date, eight months have passed since the initial filing of Plaintiff's TRIP request. Nonetheless, DHS TRIP has yet to indicate to Plaintiff the reasons supporting his placement on the No Fly List, or substantively respond to Plaintiff's request for administrative review.

## II. CLAIMS FOR RELIEF

27. Plaintiff hereby alleges and incorporates by reference all facts contained in Section I above.

28. Plaintiff's claim is clear and certain; the right to travel is a recognized fundamental right and liberty interest, and the right to family to be together without being subjected to arbitrary interference is protected by law.

29. Defendant's official duty to act is ministerial, as DHS acts as the liaison between those similarly situated to Plaintiff and government agencies involved in traveler redress proceedings.

30. No other adequate remedy is available, as the DHS TRIP process is the only process currently available for Plaintiff and those similarly situated to him, to discovery and challenge any designations relating to their inability to travel.

---

[2] "Once your inquiry has been received, you will receive a determination letter in the mail." DHS, *After Your Inquiry*, https://www.dhs.gov/step-3-after-your-inquiry (last visited Aug. 29, 2017).

### III.   PRAYER FOR RELIEF

Plaintiff prays for judgment of liability against Defendant, and respectfully requests that this Court grant the following relief:

1) Grant this Petition for Writ of Mandamus and compel Defendant to provide any and all reasons supporting Plaintiff's placement on the No Fly List to the extent feasible, including but not limited to an unclassified summary specific enough to give Plaintiff a meaningful opportunity to rebut any allegations against him;

2) Compel Defendant to conduct further administrative review regarding Plaintiff's placement on the No Fly List;

3) Compel Defendant to respond in a timely manner moving forward with Plaintiff's DHS TRIP redress inquiry, in accordance with its own stated regulations;

4) Award Plaintiff attorneys' fees and costs as provided by any applicable provision of the law, against Defendant;

5) Any additional relief this Court deems just, proper, and equitable.

Respectfully submitted this 26th day of February, 2019.

/s/ *Charles D. Swift*
/s/ *Christina A. Jump*
Charles D. Swift
Counsel for Plaintiff
D.C. ID No. 987353
Christina A. Jump
D.C. ID No. TX151
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
Tel: (972) 914-2507
Fax: (972) 692-7454
cswift@clcma.org
cjump@clcma.org

## **VERIFICATION OF COMPLAINT**

I, Uthman Eberle, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____

Executed on this 26th day of February, 2019.